CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 28 2016

JULIA C. DUDLEY, CLERK
BY:
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| RENEE CALHOUN, | ) |
|   Plaintiff, | ) Civil Action No. 7:15CV00651 |
| v. | ) **MEMORANDUM OPINION** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) By: Hon. Glen E. Conrad |
|   Defendant. | ) Chief United States District Judge |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" as to necessitate remanding the case to the Commissioner for further consideration. See 42 U.S.C. § 405(g).

The plaintiff, Renee Calhoun, was born on June 20, 1968 and eventually completed her college education. Plaintiff has worked as a sales clerk, teacher, teacher's aide, waitress, and store manager. She last worked on a regular basis in 2009. On December 9, 2009, Mrs. Calhoun filed an application for a period of disability and disability insurance benefits. She alleged that she became disabled for all forms of substantial gainful employment on November 1, 2009 due to bipolar disorder; anxiety disorder; attention deficit hyperactivity disorder; back/hip injury; and depression. Plaintiff now maintains that she has remained disabled to the present time. The record reveals that Mrs. Calhoun met the insured status requirements of the Act through the third quarter of 2012, but

not thereafter. See, gen., 42 U.S.C. §§ 416(i) and 423(a). Consequently, plaintiff is entitled to disability insurance benefits only if she has established that became disabled for all forms of substantial gainful employment on or before September 30, 2012. See gen., 42 U.S.C. § 423(a).

Mrs. Calhoun's application was denied upon initial consideration and reconsideration. She then requested and received a de novo hearing and review before an Administrative Law Judge. The Law Judge conducted an initial administrative hearing on April 18, 2012. At that time, the medical record already included a consultative psychological evaluation by Dr. Pamela Tessnear, a licensed clinical psychologist, and a physical evaluation by Dr. Robert B. Stephenson, a board certified orthopaedic surgeon. Both Dr. Tessnear and Dr. Stephenson personally examined Mrs. Calhoun. At the first hearing, the Law Judge determined to refer the medical evidence in plaintiff's case to Dr. Lee T. Besen, a board certified family physician, for a record review. At a supplemental hearing on August 22, 2012, the Law Judge granted a request from plaintiff's attorney for another psychological assessment. Thereafter, the Law Judge referred the medical evidence to Dr. Gary Bennett, another clinical psychologist, for a record review. Following receipt of Dr. Bennett's report, the Law Judge produced an opinion on September 25, 2012. Relying largely on Dr. Besen's record review report, and Dr. Bennett's psychological report, the Law Judge concluded that Mrs. Calhoun was not disabled at any time on or before the date last insured. (TR 146). Mrs. Calhoun then requested review by the Social Security Administration's Appeals Council.

By order entered June 25, 2013, the Appeals Council remanded plaintiff's case to the Administrative Law Judge for further consideration. The Appeals Council cited a number of deficiencies. The Appeals Council noted that the Law Judge's hearing decision did not include a properly crafted finding as to plaintiff's residual functional capacity. (TR 154). The Appeals

2

Council also ruled that the Law Judge had failed to explain what weight was accorded to the various psychological reports, and how the conflicts between those reports were resolved. (TR 154-55). The Appeals Council observed that while the Law Judge accorded great weight to Dr. Bennett's psychological evaluation, the Law Judge failed to explain why he rejected those portions of Dr. Bennett's report suggesting that plaintiff could not work on a sustained basis. (TR 154-55).

Following issuance of the remand order, the Law Judge conducted a third administrative hearing on December 19, 2013. At that hearing, on request from plaintiff's counsel, the Law Judge decided to propound interrogatories to a psychological consultant. Dr. Gary Bennett, the same psychologist who conducted the earlier record review, was designated to respond to the interrogatories. Following receipt of Dr. Bennett's interrogatory responses, the Law Judge convened a fourth administrative hearing, at which time testimony was received from a vocational expert. The Law Judge rendered a new administrative decision on May 29, 2014, in which the Law Judge again determined that Mrs. Calhoun was not disabled. The Law Judge found that, at all relevant times prior to the termination of insured status, plaintiff suffered from several severe impairments, including degenerative disc disease of the lumbar spine; bilateral hip pain related to greater trochanteric bursitis; mild obesity; depression; anxiety; and personality disorder with histrionic traits. (TR 15). Because of this combination of impairments, the Law Judge ruled that Mrs. Calhoun was disabled for all of her past work roles at all relevant times on and before September 30, 2012. However, the Law Judge found that plaintiff retained sufficient functional capacity for a limited range of light work activity. The Law Judge assessed plaintiff's residual functional capacity as follows:

> After careful consideration of the entire record, I find that, through the date last insured, the claimant had the residual functional capacity to perform light work as

3

> defined as in 20 CFR 404.1567(b) except the claimant could stand 3 hours in an 8-hour workday and walk 2 hours in an 8-hour workday. She could use her bilateral hands for frequently reaching, handling, fingering, and feeling. She could frequently use her bilateral feet for operation of foot controls. She could perform all postural activities occasionally, and could occasionally be exposed to unprotected heights, while frequently tolerating all other environmental limitations. The claimant would be able to perform simple, routine, repetitive work tasks that do not require complex decision-making. She should have only occasional interaction with supervisors and coworkers, but could respond appropriately to changes in the workplace.

(TR 17-18). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from the vocational expert, the Law Judge held that, at all relevant times prior to the termination of insured status, Mrs. Calhoun retained sufficient functional capacity to perform several specific light work roles existing in significant number in the national economy. (TR 20). Accordingly, the Law Judge ultimately concluded that plaintiff was not disabled, and that she is not entitled to a period of disability or disability insurance benefits. (TR 21). See, gen., 20 C.F.R. § 404.1520(g). On this occasion, the Law Judge's opinion was adopted as the final decision of the Commissioner by the Appeals Council. Having exhausted all available administrative remedies, Mrs. Calhoun has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

4

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. Despite the tortured administrative history, the facts of the case are not overly complex. Mrs. Calhoun has suffered from degenerative changes in her back and lower extremities over a period of several years. She was injured in an automobile accident in July of 2009, and she began to experience worsening musculoskeletal symptoms, though she has not required surgery. Based on his physical examination, the orthopaedic surgeon, Dr. Robert Stephenson, noted no evidence of significant mechanical defects or radiculopathy. Dr. Stephenson produced findings suggestive of residual functional capacity for lighter work activity. Since the automobile accident, Mrs. Calhoun has also experienced worsening psychiatric problems. Following her psychological examination, Dr. Pamela Tessnear diagnosed depressive disorder, generalized anxiety disorder, and personality disorder with histrionic traits. Dr. Tessnear noted a GAF of 55.[1]

Given Dr. Stephenson's orthopaedic report, as well as the findings and opinions produced by Dr. Lee Besen following his record review, the court believes that the Commissioner might reasonably conclude that plaintiff retained sufficient physical capacity for a limited range of light exertional activity prior to termination of insured status.[2] However, the court is unable to conclude

---

[1] The global assessment of functioning, or GAF, is used to report the clinician's judgment of the subject's overall level of functioning. A GAF score of between 51 and 60 is indicative of moderate symptoms or moderate difficulty in social, occupational, or school functioning. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders 47 (4th ed. text rev. 2000).

[2] On appeal to this court, plaintiff argues that her case should be remanded to the Commissioner for further consideration because the Administrative Law Judge, in his most recent opinion, failed to cite, evaluate, or weigh medical evidence from Dr. Douglas Rogney, a treating physician, indicating that plaintiff is totally disabled due to physical and emotional causes. It is true that the Administrative Law Judge did not even mention Dr. Rogney's report and opinion. It is also well settled that the Commissioner must give reasons for resolution of conflicts in the medical record. See Radford v. Colvin, 734 F.3d 288 (4th Cir. 2013). Obviously, Dr. Rogney's findings and opinion conflict with those of Dr. Stephenson and Dr. Besen. However, the court finds it unnecessary to remand plaintiff's case based on this deficiency, inasmuch as the court believes that the greater problem in adjudication lies in the treatment of plaintiff's psychiatric impairments.

5

that there is substantial evidence to support the proposition that plaintiff's emotional dysfunction was not so severe as to have prevented performance of the light work roles for which she might otherwise have been physically capable. As previously noted, in remanding the case to the Administrative Law Judge, the Appeals Council cited, among other reasons, the Law Judge's failure to properly evaluate the psychological evidence. At that point in time, the medical record included the psychological evaluation by Dr. Pamela Tessnear and a report following a record review by Dr. Gary Bennett. Dr. Tessnear conducted a clinical evaluation of two hours' duration. (TR 732-41). While Dr. Tessnear reported that Mrs. Calhoun might do simple work, she noted that plaintiff has "very poor concentration" and that she is "currently limited" in her ability to handle increases in stress. (TR 740). Beyond any reasonable question, the court believes that if Dr. Tessnear's assessment of plaintiff's concentration deficiency and stress intolerance was accurate, Mrs. Calhoun would have been unable to perform any work role existing in the national economy.

In his record review, Dr. Bennett considered Dr. Tessnear's report as well as the opinions and findings from the treating physician, Dr. Douglas Rogney. Dr. Bennett ultimately determined that plaintiff's difficulties in maintaining concentration, persistence, or pace are no more than moderate in severity. (TR 851). Based on Dr. Bennett's interrogatory responses, the court believes that the Commissioner might reasonably determine that plaintiff could have performed simple, unskilled work roles. (TR 896-97).

The difficulty in this case is that in his second opinion, which now stands as the final decision of the Commissioner, the Administrative Law Judge simply did not undertake to resolve the conflict between Dr. Tessnear's report and the findings of Dr. Bennett. In according Dr. Bennett's opinion "great weight," the Law Judge indicated that "Dr. Bennett outlined his opinion with objective

6

Case 7:15-cv-00651-GEC  Document 15  Filed 07/28/16  Page 6 of 8  Pageid#: 991

evidence." (TR 19). This observation fails to take into account the fact that the only real evidence Dr. Bennett was able to cite consisted of the reports from Dr. Tessnear and Dr. Rogney. Moreover, the Law Judge failed to give any explicit consideration to the fact that Dr. Tessnear actually observed Mrs. Calhoun in a clinical setting, whereas Dr. Bennett has never seen the claimant and merely conducted a record review. Under the administrative adjudication scheme, it is specifically provided that greater weight is accorded to the findings and opinions of a medical source who has actually examined the claimant. 20 C.F.R. § 404.1527(c)(1). Furthermore, the court again notes that Dr. Tessnear conducted her clinical psychological evaluation at the behest of the Disability Determination Services. (TR 732). Thus, the state disability agency chose the psychologist who performed the only mental health examination in this case. Under these circumstances, the court believes that it was incumbent upon the Commissioner to offer some meaningful reasons to support the rejection of Dr. Tessnear's estimate as to plaintiff's ability to concentrate and tolerate stress.

It is well settled that the Administrative Law Judge may not adopt one diagnosis over another without addressing the underlying conflict. Murphy v. Bowen, 810 F.2d 433, 437 (4th Cir. 1987). In a proper disability adjudication, the Law Judge must filter through the evidence and explain why one report was accorded greater weight than another. Smith v. Heckler, 782 F.2d 1176, 1181 (4th Cir. 1986). Simply stated, the Law Judge owes a "duty of explanation." Hammond v. Heckler, 765 F.2d 424, 426 (4th Cir. 1985). The court should not be left to speculate as to the reasons for the administrative decision. Radford v. Colvin, supra at 295-96; Fox v. Colvin, 632 F.App'x 750 (4th Cir. 2015).

Inasmuch as the court is unable to discern any reasoning in support of the Law Judge's rejection of the findings of Dr. Tessnear, and their vocational implications, the court finds "good

7

cause" for remand of this case to the Commissioner for further development and consideration. See Radford v. Colvin, supra at 295 (remand is proper when Administrative Law Judge does not explain findings/conclusions). If the Commissioner is unable to decide this case in plaintiff's favor on the basis of the existing record, the Commissioner will conduct a supplemental administrative hearing. Upon remand, both sides will be allowed to present additional evidence and argument. An appropriate judgment and order will be entered this day.

The Clerk is directed to send certified copies of this opinion to all counsel of record.

DATED this 28th day of July, 2016.

*/s/ Glen Conrad*
Chief United States District Judge